HOOD, Judge.
Mr. and Mrs. Clarence O. Brodhead and their daughter, Mrs. Vickie B. Neck, instituted this suit to recover damages allegedly sustained by them as the result of a motor vehicle collision. The suit was instituted primarily against Alfred Balter and his insurer, The Aetna Casualty and Surety Company. Mrs. Brodhead and Mrs. Neck also sued Mr. Brodhead’s insurer, Maryland Casualty Company, to recover from that defendant in the event it should be determined that Brodhead’s negligence was the sole proximate cause of the accident.
Balter and Aetna filed a third party action against Brodhead and Maryland Casualty Company, demanding contribution from the latter in the event the principal defendants should be condemned to pay damages to plaintiffs.
Judgment on the merits was rendered by the trial court in favor of Mr. and Mrs. Brodhead and against defendants, Balter and Aetna. Judgment also was rendered rejecting the demands of Mrs. Neck, and rejecting the third party demands of Balter and Aetna. Aetna has appealed.
The issues presented on this appeal are whether defendant Balter was negligent, whether Brodhead also was negligent, and whether the awards made by the trial court are excessive.
The accident occurred about 1:40 P.M. on January 31, 1968, at the intersection of Winn Street and Bringhurst Street, in the City of Alexandria. Immediately prior to that time, Brodhead was driving his International Scout vehicle south on Winn Street, and Balter was driving his Ford station wagon east on Bringhurst. Brod-head’s wife and daughter were riding as passengers in the vehicle which he was driving. The vehicles collided in the southeast part of the intersection, the point of impact being about ten feet southeast of the center of that crossing. The front of the Brodhead vehicle struck the left front part of the Balter station wagon at that point.
The flow of traffic through that intersection is controlled by an electric semaphore traffic light. The evidence shows that Brodhead entered the crossing on a green traffic light, and that Balter entered it in violation of a red signal light. Brod-head thus had the right-of-way. He approached the intersection at a speed of about 30 miles per hour. Winn Street was a heavily travelled thoroughfare and was regarded as a “freeway” through that part of the City. We agree with the trial court that Brodhead was driving at a reasonable rate of speed at the time the accident occurred.
There is a conflict in the testimony as to whether the Bálter vehicle stopped before it entered the intersection. Some of the testimony, including that of the investigating police officer, indicates that it did not stop and that it, in fact, skidded into the intersection leaving skid marks about 24 feet long leading up to the point of impact. Other testimony is to the effect that Balter did stop before proceeding to cross Winn Street. We make no attempt to resolve this factual issue, because we have concluded that in any event Balter was negligent in entering the crossing in violation of a red traffic light, directly in front of an oncoming vehicle, and under such circumstances that a collision with the Brodhead vehicle was unavoidable. We find no merit to defendant’s argument that Balter eased slowly into the intersection while Brodhead was a considerable distance from it, and that Brodhead thus was negligent in having failed to see that Balter was not going to observe the stop signal in time to avoid a collision. The evidence shows that Brodhead applied his brakes and turned to his left in an attempt to avoid the accident as soon as he saw the Balter car enter the crossing. We are convinced that Brodhead was free from negligence.
*621 We conclude, as did the trial judge, that Balter’s negligence was the sole proximate cause of the accident, and that he and his insurer, Aetna, are liable to plaintiffs for the damages which they sustained as a result of the accident. We also agree that defendants, Balter and Aetna, are not entitled to enforce contribution from Brod-head and his insurer.
The trial judge awarded Mr. Brod-head the sum of $2,009.47 as damages. This included an allowance of $1,584.00 for the loss of his wife’s earnings because of the injuries which she sustained in this accident. Aetna contends that plaintiff has alleged and demanded only $768.00 for loss of earnings, and that the trial court erred in awarding him more than that amount.
Brodhead alleges in his petition that he sustained damages in the sum of $768.00 for “Eight (8) months loss of earnings Elizabeth’s Beauty Salon,” and the additional sum of $3,000.00 for “future loss of earnings Elizabeth’s Beauty Salon.” His prayer for judgment includes a demand for these amounts. Our understanding of his petition is that the first item represents the community’s alleged loss of earnings up to the time the petition was filed, although a little less than eight months actually had elapsed, and that the second item represents the anticipated loss of earnings after that time. We think these allegations are sufficient to permit plaintiff to show, and upon proper proof to recover, loss of earnings before and after the filing of the petition up to the maximum amounts alleged.
The evidence shows that Mrs. Brodhead operated a beauty salon in her home at the time the accident occurred, and that her injuries caused her to suffer a substantial loss of earnings from the date of the accident until the time of the trial, which occurred about 17 months later. We agree with the trial judge that the evidence fails to show that she would suffer a loss of earnings after the date of the trial.
At the trial, pertinent parts of Mrs. Brodhead’s income tax returns for the years 1965 through 1968 were filed in evidence, and these returns show her income for three years immediately prior to the accident, and for several months after it occurred. We have examined these income tax returns, the testimony of witnesses as to Mrs. Brodhead’s earnings during those years and the books which she kept in the operation of her beauty shop, and have concluded that the evidence supports the award of $1,584.00 made by the trial judge for her loss of earnings.
As a result of the accident, Mrs. Brodhead sustained an acute strain of the neck, a cut on her left hand, contusions of her head, shoulder and left knee, and injuries to three of her front teeth. For her neck and shoulder injuries, the treating physician administered pain relieving drugs and injected local anesthetics. Mrs. Brod-head was required to wear a neck collar a substantial part of each day for eight and one-half months. She suffered constant pain for three or four months immediately following the accident, and during that period she spent much of her time in bed and had to take codeine tablets for relief. After that time, and up to the date of the trial, she has suffered pain intermittently in her head, neck and shoulder, requiring the frequent use of drugs and heat treatments for relief, She was still experiencing pain at the time of the trial, especially when she raises her arms in attempting to work in her beauty shop. She was totally disabled from working in her beauty parlor for several months after the accident, and then was partially disabled up to about the time of the trial.
The injuries to Mrs. Brodhead’s teeth consisted of class one fractures of the upper right and left central incisors and of the left lateral incisor. The treating dentist testified that it “looked like she got a considerable blow on those teeth and they had been chipped considerably.” The treatment consisted of grinding the teeth down *622 and smoothing them off. One of the damaged teeth has been sensitive and sometimes painful since the accident, and her dentist testified that it is questionable as to whether abscesses will develop up to four or five years later as a result of the accident.
The trial judge awarded Mrs. Brodhead $4,500.00 as general damages for all of her injuries. We think that is within the range of the discretion which is vested in the trial court, and we have concluded that the award of general damages should not be disturbed.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.